IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFF PAUL, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1490-B |
| | § | |
| AVIVA LIFE AND ANNUITY COMPANY, ET AL. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Plaintiffs have filed a motion for limited expedited discovery so their attorneys can subpoena a key witness, Mel Abrams, for a deposition before the parties conduct a Rule 26(f) conference. According to plaintiffs, Abrams suffers from Multiple System Atrophy ("MSA"), a degenerative neurological disorder that can progress into cerebellar dyfunction and autonomic dysfunction. As a result of this debilitating condition, plaintiffs are concerned that Abrams may not be available for trial. Defendants oppose the motion because plaintiffs have not shown that Abrams will not be able to testify in the ordinary course of litigation. The issues have been fully briefed by the parties, and this matter is ripe for determination.[1]

The federal rules generally prohibit a party from seeking discovery from any source before a Rule 26(f) conference. *See* FED. R. CIV. P. 26(d)(1). However, the court may order expedited discovery if there is some showing of good cause to justify the order. *See El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F.Supp.2d 986, 991 (S.D. Tex. 2004), *citing* 8 C. Wright, A. Miller

---

[1] Plaintiffs have not filed a reply brief as permitted by the local rules. *See* N.D.Tex. LCivR 7.1(f) ("[A] party who has filed an opposed motion may file a reply brief within 15 days from the date the response is filed."). The court therefore considers the motion without a reply.

& R. Marcus, Federal Practice and Procedure § 2046.1 (1994). Although plaintiffs allege that Abrams suffers from MSA, the effects of which may make him unavailable for trial, there is *no evidence* to support such an assertion. To the contrary, Abrams denies that he was ever diagnosed with the disease, or any other medical condition that would preclude his ability to give a deposition in the coming months. In a sworn declaration, Abrams states:

> I recently sought medical attention because of certain motor and coordination issues that I was experiencing. While it was initially suggested that my symptoms might be consistent with the early onset of Multiple System Atrophy ("MSA"), I have been informed by the special neurologist who is now treating me that it is unlikely that I am suffering from MSA. Instead, he believes that my muscle and coordination issues may be the result of certain falls that I took in 2007 and 2008.
>
> I have not been informed at this time that my condition is either permanent or degenerative. Consequently, I have no reason to believe that my condition will pose a greater hindrance to my testifying a year from now as now.

(Def. Resp., Exh. 1 at 1-2, ¶¶ 2-3). Without evidence to controvert this sworn testimony, plaintiffs cannot establish good cause for deposing Abrams before the parties hold their Rule 26(f) conference.

Plaintiffs' motion for limited expedited discovery [Doc. #43] is denied.

SO ORDERED.

DATED: November 12, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE